RECEIVED
IN MONROE, LA
JUN 29 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CLIFFORD PETTY | CIVIL ACTION NO. 05-1094 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RETIREMENT PLAN OF INTERNATIONAL PAPER COMPANY | MAG. JUDGE JAMES D. KIRK |

RULING

Plaintiff Clifford Petty ("Petty") brought this lawsuit pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., against the Retirement Plan of International Paper Company ("the Retirement Plan"). It is undisputed that Petty applied for long-term benefits under the Retirement Plan, that he was denied long-term benefits, and that he has exhausted his administrative remedies. The parties have also stipulated that the administrative record is complete.

However, the parties dispute whether Petty has properly asserted a claim for short-term benefits under the Weekly Sickness and Accident Plan of International Paper Company ("the S & A Plan"). It is undisputed that Petty applied for and received short-term benefits from the S & A Plan for approximately four months, but that the Administrator of the S & A Plan later determined that he was not eligible for benefits and ceased payments. It is also undisputed that Petty has exhausted his administrative remedies under the S & A Plan. Petty has not named the S & A Plan as a Defendant in his Complaint or First Amended Complaint.

On May 29, 2007, Magistrate Judge James D. Kirk issued a Report and Recommendation [Doc. No. 26] in which he concluded that Petty's Complaint "is broad enough to include a

request for all benefits owed claimant, whether short-term or long term." [Doc. No. 26, p. 15]. He further explained that the Retirement Plan's denial of long-term benefits to Petty was "based entirely upon the fact that Petty had not exhausted short term benefits." [Doc. No. 26, p. 15]. Judge Kirk found it "disingenuous" for the Retirement Plan "to suggest that the two types of benefits are so entwined that receipt of one benefit is required in order to receive the other and yet, at the same time, argue that they should be separated for purposes of suit." [Doc. No. 26, p. 15].

On June 14, 2007, the Retirement Plan filed "Objections to Report and Recommendation" [Doc. No. 27]. The Retirement Plan objects that Petty did not plead a cause of action for short-term benefits and did not name the S & A Plan as a Defendant. The Retirement Plan correctly notes that there are separate plans for short- and long-term benefits, the S & A Plan and the Retirement Plan, and that the S & A Plan is a "welfare benefit plan," while the Retirement Plan is a "pension benefit plan." The Retirement Plan also contends that the Court can rule on Petty's claim for long-term benefits without consideration of Petty's claim for short-term benefits.

Petty has responded that he referred to both types of benefits and even used the proper "labels" of "welfare benefit plan" and "pension benefit plan" in his Complaint. He also reiterates Judge Kirk's recommendation that the plans are inextricably linked because the administrative record deals almost exclusively with the S & A short-term benefits. He points out that the affidavit of IP's Manager of Benefits Programs, James Renfrow, attached to the Retirement Plan's Objections, "confirms that as an [IP] employee, [Petty's] duties included administering claims for both the Disability Retirement benefits program and the Sickness and Accident

2

benefits program." [Doc. No. 31, pp. 3-4].

The Court has conducted a de novo review of the entire record in this matter, finds that neither Petty's Complaint nor his First Amended Complaint contains a claim for short-term benefits, and thus DECLINES TO ADOPT Magistrate Judge Kirk's Report and Recommendation on this issue.

In his original June 22, 2005 Complaint, Petty named as Defendant the "Administrator of the International Paper Company Employee Pension Plan Administrator. Sr. Vice President - Human Resources Employee Benefits Department." [Doc. No. 1, p. 1]. He brought suit pursuant to ERISA and alleged that he was a "long term employee of International Paper Company [("IP")], which created an Employee Welfare Benefit Plan providing for short term and long term benefits." [Doc. No. 1, ¶ 3]. He further alleged that "he made application for long term disability benefits pursuant to the Plan," but that he was denied "said benefits." [Doc. No. 1, ¶ 4]. He argues that the denial was arbitrary and capricious and prays for "all benefits due and owing to him pursuant to the long term disability plan." [Doc. No. 1, p. 2].

On November 21, 2005, Petty filed a First Amended Complaint [Doc. No. 10]. He amended to name the "Retirement Plan of International Paper Company" as the sole Defendant in this matter and amended the prayer for relief to state that he should be awarded "all benefits due and owing to him pursuant to the [IP Retirement Plan]," including "such penalties as may be available under [ERISA] for the failure of the IP Retirement Plan to approve his claim for disability benefits." [Doc. No. 10, pp.1-2].

However, in his brief, filed November 1, 2006, Petty clearly and unmistakably states that "[t]his case involves a claim for weekly sickness and accident benefits," as well as "retirement

3

disability benefits." [Doc. No. 23, p. 1]. In its brief in opposition, filed on November 30, 2006, IP just as clearly states that Petty "did not assert in this case a claim for benefits pursuant to the S & A plan." [Doc. No. 24, p. 4].

In sum, Petty's **only** mention of short-term benefits in his Complaint or First Amended Complaint is to say that IP provides short- and long-term benefits to its employees. This statement, standing alone, is insufficient to provide notice to IP that Petty intended to assert a claim for short-term benefits. Even under the liberal pleading standards of Federal Rule of Civil Procedure 8, Petty's Complaint and First Amended Complaint do not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Nevertheless, the Court agrees with Magistrate Judge Kirk that IP's position, through the Retirement Plan, is somewhat disingenuous. Both the S & A Plan and the Retirement Plan are well aware of Petty's claims. It is undisputed that the Retirement Plan based its denial of long-term benefits on the fact that the S & A Plan had denied Petty short-term benefits. It is further undisputed that Petty has exhausted the administrative appeals available to him under both the S & A Plan and the Retirement Plan, so he could bring suit on both claims. The administrative record appears to contain the majority, if not all, of the documents necessary for the Court's review of the denial of his claim for short-term benefits.[1]

A claim for denial of benefits under ERISA is subject to a 10-year statute of limitations, and Petty is well within this time period for asserting his short-term claim.[2] See Ferrell v. Estate

---

[1] There was no complete copy of the S & A Plan in the administrative record, but IP, through the Retirement Plan, submitted a copy with its Objections. [Doc. No. 27].

[2] A final decision was rendered on the short-term benefits on July 20, 2004.

4

of Donovan, 00-935, 772 So.2d 260, 262 (La. App. 5 Cir. 10/31/00) ("ERISA does not set forth the statute of limitations to govern actions to clarify rights to benefits under 29 U.S.C. § 1132(a)(1)(B)," so these claims are governed by the "most analogous" 10-year prescriptive period for personal actions under La. Civ. Code art. 3499); see also Kennedy v. Electricians Pension Plan, IBEW No. 995, 954 F.2d 1116 (5th Cir. 1992). Even if the Court assumes that IP's S & A Plan had no notice that Petty was seeking to appeal the denial of short-term benefits until November 1, 2006, when he filed his pre-trial brief, Petty was still only 2 ½ years into the limitations period.[3]

The Court finds that, in the interest of judicial economy and to avoid piecemeal litigation, Petty should be permitted to file a second amended complaint to specifically assert a claim for denial of short-term benefits and to name the proper Defendant as to that claim. Given the number of years left in the statutory period, the Court finds no prejudice would be suffered by the S & A Plan or IP by allowing this amendment. Accordingly, Petty has fifteen days from the date of this Ruling to file a second amended complaint and to serve the proper Defendant.

Once the proper Defendant answers, within the delay allowed, the Court will set a schedule for the parties to supplement the administrative record and to provide supplemental briefs, if necessary.

The Court will defer consideration of the remainder of Magistrate Judge Kirk's Report and Recommendation and the Retirement Plan's Objections to the Report and Recommendation

---

[3] At a minimum, IP cannot contest that the S & A Plan had notice of the claims by June 2007 (less than three years after the final denial of Petty's claim for short-term benefits) because James Renfrow, IP's Manager of Benefits Programs, who administers both Plans, provided an affidavit in support of the Retirement Plan's Objections.

at this time.

    MONROE, LOUISIANA this 29 day of June, 2007.

                                                ROBERT G. JAMES
                                      UNITED STATES DISTRICT JUDGE